UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

_____
:
CONNECTICUT INTERLOCAL RISK           :   NO.: 3:26-cv-00107
MANAGEMENT AGENCY,                    :
    Plaintiff                         :
                                      :
v.                                    :
                                      :
MUNICH REINSURANCE AMERICA, INC.,     :
    Defendant                         :   JANUARY 22, 2026
_____

## COMPLAINT FOR DECLARATORY JUDGMENT

1.    The plaintiff, Connecticut Interlocal Risk Management Agency ("CIRMA"), is an unincorporated association of Connecticut cities and towns, with a principal place of business located at 545 Long Wharf Drive, 8th Floor, New Haven, Connecticut. Established in 1980, CIRMA operates two interlocal risk management pools: a liability-auto-property pool and a workers' compensation pool, pursuant to Connecticut General Statutes, Chapter 113a.

2.    The defendant, Munich Reinsurance America, Inc. is an insurance company organized and existing under the laws of the State of Delaware, with a principal place of business in Princeton, New Jersey, and is licensed to issue insurance contracts in the State of Connecticut. Munich Reinsurance America, Inc., was formerly known as American Re-Insurance Corporation (collectively, they will be referred to herein as "Munich Re").

3.    CIRMA brings this action for a declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202, and Fed.R.Civ.P. 57.

4. There is diversity of citizenship between the parties, and the amount in controversy exceeds the sum of $75,000.

5. CIRMA seeks a declaratory judgment that Munich Re must afford reinsurance coverage to CIRMA for any judgment rendered in favor of the plaintiff in the action entitled *John Doe v. Shelton Public Schools, et al.*, pending in the Superior Court for the Judicial District of New Haven at New Haven, bearing docket number NNH-CV18-5043850-S ("the Underlying Action").

6. CIRMA issued a Liability and Property insurance policy ("the CIRMA Policy") to the Shelton Board of Education ("Shelton"), which was in effect each year from 2005 through 2008.

7. CIRMA is currently providing a defense to Shelton in the Underlying Action.

8. The plaintiff in the Underlying action alleges that he was sexually abused by a former Shelton employee, David Munson, between 2005 and 2008. As a result, he allegedly sustained injuries.

9. Munich Re issued treaty reinsurance contracts to CIRMA for the policy periods from 2005-2006, 2006-2007, 2007-2008 and 2008-2009 ("the Reinsurance Agreements").

10. Munich Re received substantial premiums from CIRMA for the Reinsurance Agreements.

11. The summons and complaint in the Underlying Action, which were served on Shelton on September 5, 2018, was CIRMA's first notice of the loss.

12. CIRMA immediately notified Munich Re of the loss.

13. CIRMA retained counsel to defend Shelton in the Underlying Action on or about September 25, 2018.

14. The Amended Complaint in the Underlying Action alleges negligence on the part of Shelton in failing to properly supervise Mr. Munson, for alleged acts of sexual abuse of John Doe, a minor, while Munson was serving as a mentor to Mr. Doe between 2005 and 2008.

15. The Underlying Action was initially reached for trial in February, 2025.

16. Between September, 2018, and February, 2025, CIRMA provided regular updates and reports concerning the status of the Underlying Action.

17. At no time between September, 2018, and February, 2025, did Munich Re inform CIRMA that it would not honor the Reinsurance Agreements.

18. The trial in the Underlying Action was subsequently continued to September, 2025.

19. On August 26, 2025, Munich Re sent a letter to CIRMA stating, for the first time in the seven years that the Underlying Action was pending, that it would not honor its Reinsurance Agreements.

20. The stated reason for its refusal to honor its Reinsurance Agreements was that claims of sexual abuse were only covered on a "claims-made" basis; i.e., unless the claim was presented to Munich Re during the policy period, it was not covered.

21. It asserted that because the claims against Shelton were not presented to it between July 1, 2005, and July 1, 2008, they were not covered.

22. The claim against Shelton set forth in the Underlying Action is a claim for negligent supervision of its deceased former employee, David Munson.

23. Negligent supervision claims are typically covered on an occurrence basis; i.e., if the occurrence giving rise to the claim occurred during the policy period, it is covered.

24. The CIRMA Policy provides occurrence-based coverage for the claim against Shelton in the Underlying Action.

25. Munich Re knew, at the time it issued the Reinsurance Agreements, that CIRMA, like all liability insurance carriers, covered claims of negligent supervision of alleged pedophiles on an occurrence basis.

26. Contrary to Munich Re's assertion, the Reinsurance Agreements do not limit coverage for claims of negligent supervision of alleged pedophiles to claims-made coverage.

27. The Reinsurance Agreements define "sexual abuse" for purposes of claims-made coverage, to "actual, attempted or alleged criminal sexual conduct of a person by another person, or persons acting in concert, which causes physical and/or mental injuries. Sexual Abuse includes: sexual molestation, sexual assault, sexual exploitation or sexual injury."

28. By its very terms, the claims-made coverage for sexual abuse is limited to claims of actual abuse or molestation, and does not apply to claims of negligent supervision of the alleged perpetrator.

29. Munich Re knew, at the time it issued the Reinsurance Agreements, that claims of negligent supervision of alleged pedophiles were never presented at the time of the alleged abuse.

30.    Munich Re knew, at the time it issued the Reinsurance Agreements, that in Connecticut, the statute of limitations for actions involving sexual abuse of minors was thirty years after the victim attained the age of majority.

31.    Munich Re knew, at the time it issued the Reinsurance Agreements, that limiting claims of negligent supervision of alleged pedophiles to claims-made coverage renders the coverage illusory because it would never have to cover such claims.

32.    The trial of the Underlying Action in September, 2025, resulted in a hung jury and a mistrial was declared.

33.    A re-trial is scheduled for September, 2026.

34.    CIRMA has an interest, legal or equitable, by reason of danger of loss or uncertainty as to the parties' rights or other jural relations.

35.    There is an actual bona fide and substantial question or issue in dispute or substantial uncertainty of legal relations which requires settlement between the parties.

WHEREFORE, the plaintiff seeks:

1. A declaratory judgment that Munich Re must provide coverage under the Reinsurance Agreements for any judgment rendered against Shelton in the Underlying Action;

2. Such other relief as the Court deems proper.

                PLAINTIFF,
                CONNECTICUT INTERLOCAL RISK
                MANAGEMENT AGENCY,

By_____*/s/ Philip T. Newbury, Jr.*_____
     Philip T. Newbury, Jr. (ct05283)
     Howd & Ludorf, LLC
     100 Great Meadow Road, Suite 201
     Wethersfield, CT 06109
     (860) 249-1361
     (860) 249-7665 (Fax)
     E-Mail: pnewbury@hl-law.com